### H. L. LOTHROP v. TRAVELERS INSURANCE COMPANY.[1]

May 21, 1926.

No. 25,367.

**Evidence insufficient to sustain finding that insured made assault charged by insurer.**

Action to recover on an accident insurance policy for a death resulting from a blow. Defense that the insured assaulted another with a deadly weapon and received the fatal injuries in the affray thus provoked. *Held* that the evidence will not sustain a finding that the insured made the assault charged.

Accident Insurance, 1 C. J. p. 431 n. 8, 9; p. 505 n. 54.

---

See note in 4 A. L. R. 723; 14 R. C. L. p. 1255; 3 R. C. L. Supp. p. 369.

Action in the district court for Goodhue county to recover under an accident insurance policy. The case was tried before Johnson, J., and a jury which returned a verdict in favor of plaintiff. De-

[1]Reported in 209 N. W. 20.

fendant appealed from an order denying its motion for a new trial. Affirmed.

*Frank M. Wilson,* for appellant.

*A. J. Rockne* and *Albert Mohn,* for respondent.

TAYLOR, C.

This is an action to recover the sum of $2,500 under the provisions of an insurance policy by which the defendant agreed to pay that sum "if death of the insured shall result from bodily injuries effected directly and independently of all other causes through external, violent and accidental means."

The other provisions of the policy are not involved in this case. The jury returned a verdict for plaintiff and defendant appealed from an order denying a new trial.

Defendant concedes that the death of the insured resulted from injuries caused by a blow upon his jaw, but asserts that he assaulted a deputy sheriff with a deadly weapon and that the blow was struck in defense of the deputy, and contends that injuries received by the insured in consequence of his own wrongful act do not result from an accident within the meaning of the policy.

Defendant cites numerous authorities to the effect that, where the insured makes an attack upon another of a character likely to result in a homicide and in the affray sustains fatal injuries, his death is not caused by "accidental means" within the meaning of such policies. The authorities, generally, sustain this proposition and are collated in Meister v. G. A. F. & L. Assur. Corp. 92 Ore. 96, 179 Pac. 913, 4 A. L. R. 718, and the annotation following that case at page 723. However this rule does not apply to injuries received in quarrels unless the insured was the aggressor and the quarrel was of such a nature that serious injuries were likely to be inflicted. 1 C. J. 431; 14 R. C. L. 1255.

On August 16, 1923, Edward Myhre, Charles Bauer and Addie Albert Krahn, the insured, drove south from Lake City on State Highway No. 3 in Myhre's car, Myhre driving. They stopped at Wabasha where they were joined by Kenneth Dady. They proceed-

ed south from Wabasha but stopped their car at the side of the road between Kellogg and Weaver and alighted. They had a bottle of "moonshine" whiskey and Myhre, Krahn and Bauer were somewhat intoxicated. A party of seven were proceeding north from Weaver in two cars. Deputy Sheriff Fitzgerald and two ladies were in the first car. County Attorney Foley, George Pippin and two other men were in the second car. As Fitzgerald approached the Myhre car, he saw Krahn and Bauer scuffling in the road and saw a bottle thrown into a cornfield at the side of the road. He stopped his car a short distance beyond the Myhre car. The car accompanying him also stopped. He went over to the Myhre car, asked who threw the bottle, and told them to go and get it. One of them denied having a bottle. Fitzgerald said he knew they did, for he saw it thrown, and he was going to search their car. Krahn asked if he had a warrant. He said he didn't need a warrant. Krahn said he did and that he could not search their car without a warrant. He proceeded to make the search, operating from the right-hand side of the car. He searched the back seat and the back part of the car, and then started to search the front seat. Krahn, who had come around the front of the car and stood facing and within 3 or 4 feet of him, again insisted with some vigor and doubtless with some profanity that he couldn't search it without a warrant. Fitzgerald reached for Krahn saying: "If you don't keep still I will take you with me."

Krahn stepped back saying: "No, you won't", and swung his hand to his hip pocket. At this moment Pippin, who was standing partly behind Krahn, struck him on the jaw with his fist. Krahn fell. He attempted to rise and fell again. They picked him up and placed him in the car where he died a few minutes later.

There was no liquor in the car. The only liquor which the party had was in the bottle from which they had been drinking and which had been thrown into the cornfield. This bottle was found by a member of the county attorney's party and still contained some "moonshine" whiskey.

While Krahn protested vigorously against searching the car without a warrant, there is no claim that he made any threats, or any

hostile demonstration or movement other than swinging his hand to his hip pocket. A small automatic revolver was found in this pocket underneath a handkerchief, but Krahn had not drawn the revolver, nor put his hand in the pocket containing it. In our opinion, the evidence would not justify a finding that Krahn had been guilty of conduct which brought him within the rule invoked by defendant. To relieve defendant from liability under the policy, it must appear that Krahn made an unlawful assault in which he endangered the safety of others, and that he received the fatal injuries in the affray thus provoked by his own unlawful act. The evidence does not go to that extent.

We find no reversible error in the rulings admitting or excluding testimony, and, as plaintiff was entitled to recover as a matter of law, it is not necessary to consider the assignments of error relating to the charge.

Order affirmed.